UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT D. BECK, | ) |
| Plaintiff, | ) No. CV-10-433-JPH<br>)<br>) ORDER GRANTING DEFENDANT'S |
| v. | ) MOTION FOR SUMMARY JUDGMENT<br>) |
| MICHAEL J. ASTRUE, Commissioner<br>of Social Security, | )<br>) |
| Defendant. | )<br>) |

BEFORE THE COURT are cross-motions for summary judgment noted for hearing without oral argument on May 11, 2011 (ECF No. 13, 16). Attorney Maureen J. Rosette represents plaintiff; Special Assistant United States Attorney Robert L. Van Saghi represents the Commissioner of Social Security (defendant). The parties have consented to proceed before a magistrate judge, ECF No. 7. After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** defendant's motion for summary judgment, **ECF No. 16**.

**JURISDICTION**

Plaintiff protectively applied for supplemental security income (SSI) benefits on March 14, 2007, alleging disability as of January 1, 1998 due to back problems (Tr. 107-110, 122). The application was denied initially and on reconsideration (Tr. 69-72, 81-85).

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                                                    - 1 -

At a hearing before an Administrative Law Judge (ALJ) on February 17, 2009, plaintiff, represented by counsel, and a vocational expert testified (Tr. 29-51). On March 4, 2009, the ALJ issued an unfavorable decision (Tr. 15-26). The Appeals Council denied review on November 23, 2010 (Tr. 1-5). This made the ALJ's decision the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on December 14, 2010 (ECF No. 2,4).

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are very briefly summarized here.

Plaintiff was 44 years old when he applied for benefits and 46 at the hearing. He is single and has no children. Mr. Beck has an eighth grade education and has worked as a general laborer, cannery worker, animal caretaker, and firewood cutter (Tr. 32-33, 46-49). He stopped working in 2003 or 2004 due to chronic lower back pain. Plaintiff can sit 20 to 30 minutes, stand 10 to 15 minutes, walk two blocks, and lift eight pounds. He is not able to climb stairs and has sleep problems due to snoring (Tr. 34-37). Plaintiff is unable to drive but his girlfriend, Karen England, gives him rides or he takes the bus. Ms. England also does most of the household chores (Tr. 38).

Mr. Beck takes prescribed medication for stomach acid, pain, and a nervous disorder; the latter helps him feel less "jumpy." Plaintiff vomits three to four times a day due to "nervous attacks." He had two spinal cortisone injections but they made him

sick; in 2006, he underwent physical therapy but it increased pain. He quit drinking in 2003. He reads, watches television, draws, and shops. He plays cards, bingo, or visits friends twice a week (Tr. 39-43, 132-133). In 2006 or 2007 plaintiff was incarcerated for ten or eleven months, apparently stemming from a 1997 DUI in Alaska (Tr. 42-43, 157-159, 168)[1]. Several times he has been told to stop smoking and lose weight. Plaintiff testified he lost weight but smokes about a pack a day (Tr. 44).

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential

---

[1] It appears Mr. Beck was incarcerated from July 17, 2007, through some time in June 2008 (Tr. 185).

evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that Plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) assessment is considered. If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v),

416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir.1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir.1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. *Hoffman v. Heckler*, 785 F.3d 1423, 1425 (9th Cir.1986). The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir.1984); *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir.1999).

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir.1985); *Tackett,* 180 F.3d at 1097 (9th Cir.1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir.1983)(*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir.1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir.1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th

Cir.1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir.1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir.1989)(*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir.1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir.1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir.1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir.1987).

**ALJ'S FINDINGS**

At step one, the ALJ found plaintiff did not work at substantial gainful activity levels after March 14, 2007, the application date (Tr. 17). At steps two and three, he found

plaintiff suffers from degenerative disc disease (DDD), anxiety/depression, and obesity, impairments that are severe but do not medically meet or equal a listed impairment (Tr. 17, 21). The ALj found plaintiff less than fully credible (Tr. 23). At step four, relying on a vocational expert, the ALJ found plaintiff could perform his past jobs as a cannery worker and dog handler (Tr. 24). After noting plaintiff's earnings may be less than SGA, he performed an alternative step five analysis (Tr. 24-26). At step five, again relying on the VE, ALJ Chester found plaintiff could perform other work, such as electrical assembler, housekeeper, laundry worker, and parking lot attendant (Tr. 25). The ALJ found Mr. Beck has not been disabled as defined by the Social Security Act during the relevant period (Tr. 26).

**ISSUES**

Plaintiff alleges the ALJ improperly weighed the evidence of psychological and physical limitation, ECF No. 14 at 7-14. The Commissioner responds that the Court should affirm because the ALJ's decision is supported by substantial evidence and free of legal error, ECF No. 17 at 9.

**DISCUSSION**

**A. Weighing medical evidence - standards**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once

medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cr. 1991).

A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's physical condition. *Fair v. Bowen*, 885 F.2d 597, 604-05 (9th Cir. 1989). However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989)(citations omitted). More weight is given to a treating physician than an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747,

751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-43 (9th Cir. 1995).

**B. Psychological limitations**

Plaintiff's attorney hired Dr. Pollack[2]. Plaintiff alleges the ALJ's reason is not legitimate. He alleges the ALJ inaccurately characterized MMPI-2 results as invalid. Next, the ALJ states the "opinions of non-examining state agency consultants tend to support" the assessed RFC. Plaintiff alleges the ALJ is incorrect because Dr. Gardner's[3] RFC differs from the ALJ's, and, because Dr. Gardner's opinion is consistent with Dr. Pollack's, the ALJ should have given Dr. Pollack's opinion greater weight (Tr. 14 at 7-12).

*Opinion rejected because source hired by attorney*

Dr. Pollack examined plaintiff on January 15 and January 28, 2009 (Tr. 339-348). He opined plaintiff is (1) markedly limited in the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace and (2) moderately limited in the ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances (Tr. 346). Dr. Pollack notes plaintiff has never been involved in counseling (Tr. 341).

This is the ALJ's analysis:

> Dr. Pollack's evaluation at B15F is summarily rejected. Dr. Pollack is a known figure, consistently hired by the claimant's attorney to render judgments regarding functional abilities in social security cases. As per usual, the body of Dr. Pollack's report, which indicates

---

[2] Dennis Pollack, Ph.D.

[3] Jerry Gardner, Ph.D.

>     an invalid MMPI-II, likely invalid Trailmaking tests,
>     and likely invalid intellectual testing (compare
>     intellectual functioning [at] B2F, which is in [the]
>     low average range and no mention of intellectual
>     concerns in other records, other than memory by Dr.
>     Capes at B5F) yet indicates moderate to marked
>     limitations in areas of ability to sustain work
>     activity on a regular and continuing basis.

(Tr. 24).

According to the Commissioner, the ALJ's reasons for rejecting Pollack's contradicted opinion are specific and legitimate, ECF No. 17 at 13. The reasons include (1) the contradictory opinions of two examining psychologists, who assessed GAFs of 75 and 62, indicating only mild symptoms; (2) agency consultant Dr. Gardner's contradictory opinion plaintiff "can attend to and persist on tasks" (at Tr. 240); (3) the lack of any indication in the record that Dr. Pollack tested or measured in the areas he assessed as marked and moderately limited; (4) the narrative report fails to mention problems with attendance or performance; and (5) the opinion is "somewhat at odds with Plaintiff's own statement that he could handle stress and change" (Tr. 135)(ECF No. 17 at 12-13). The Commissioner does not directly address plaintiff's argument that the ALJ improperly rejected the opinion because it was solicited by plaintiff's counsel.

The ALJ may properly reject an evaluation done at the request of an attorney and not based on objective medical evidence. *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir.1996). Here, Dr. Pollack's opinion does not appear to be based on objective medical evidence because, as the ALJ notes, it is inconsistent with the rest of the record. The ALJ observes test results by other examiners show low average range intellectual functioning "and no mention of intellectual concerns in other records, other than memory by Dr.

Capes[4]," yet Dr. Pollack alone assessed borderline intelligence and marked and moderate limitations (Tr. 24, 344, 346). The ALJ is correct. Dr. Pollack's opinion is inconsistent with other test results and opinions. For example, Frank Rosekrans, Ph.D., examined plaintiff in 2005. He assessed a GAF of 75 and opined "there is no apparent psychological reason that he should not return to work." He assessed no cognitive problems (Tr. 194-201).

It is accurate that the narrative portion of Dr. Pollack's report does not mention problems with attendance or performance. His opinion is also inconsistent with portions of consultant Gardner's opinion. Perhaps more importantly, it is internally inconsistent. Dr. Pollack assessed marked and moderate limitations, yet he opined plaintiff's GAF is 60, indicating no more than moderate symptoms or functional difficulty. Because Dr. Pollack's opinion was solicited at the request of plaintiff's counsel and does not appear to be based on objective medical evidence, the ALJ's reasons for rejecting it are specific, legitimate and supported by substantial evidence. Even assuming the ALJ's interpretation of the MMPI-2 as invalid is incorrect, any error is clearly harmless because the ALJ's other record-supported reasons for discrediting the opinion show that any error in this respect did not materially impact his decision. *See Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir.2006). In May 2007, agency consultant Dr. Gardner opined plaintiff was

---

[4]Robert Capes, Psy.D., notes some areas of concern with memory functioning but observes plaintiff's ability to own his home and manage his money indicates it does not interfere to the extent a payee is necessary. He assessed a GAF of 62 indicating mild symptoms or difficulty functioning (Tr. 236-237).

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 11 -

moderately limited in the ability to understand, remember and carry out detailed instructions (Tr. 238). Generally consistent with Gardner's opinion, the ALJ's assessed RFC includes "understanding, remembering, and carrying out simple, 1-3 step tasks or well learned tasks" (Tr. 22).

Dr. Gardner assessed moderate limitations in two additional areas: the ability to perform at a consistent pace, and to set realistic goals or make independent plans (Tr. 239). The ALJ did not include this in his RFC. However, in the narrative portion of the RFC, Dr. Gardner opines plaintiff can attend to and persist on tasks but would have difficulty with tasks requiring higher level concentration; it is likely he will distracted by anxiety symptoms occasionally; and he appears able to carry out basic tasks related to social interactions in an appropriate manner (Tr. 240).

The ALJ observes the opinions of the consultants tend to support the assessed RFC [as the Court noted above]; however, additional evidence was received after they gave their opinions necessitating a new determination by the ALJ (Tr. 24). The ALJ is correct.

**C. Physical limitations**

Plaintiff alleges the ALJ failed to properly credit treating doctor Daniel Stoop, M.D.'s assessed RFC for sedentary work (ECF No. 14 at Tr. 12-14). The Commissioner answers that the ALJ properly rejected the opinion because it is inconsistent with the rest of the record, and with his own treatment notes and clinical findings, ECF No. 17 at 14-16.

Dr. Stoop limited plaintiff to sedentary/light work in August 2005 (Tr. 24, 206-207). In September 2006, he assessed an RFC for

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 12 -

Case 2:10-cv-00433-JPH   Document 19   Filed 05/23/12

sedentary work (Tr. 24, 210-211). The ALJ notes Dr. Stoop changed the RFC "without objective findings to indicate worsening of the claimant's condition, either by subjective complaint or objective findings. There was no corresponding increase in pain medications." Lumbosacral x-rays taken in April 2007 were negative (Tr. 24). Interestingly, in 2008 Dr. Stoop indicates plaintiff "[w]ill be meeting with voc rehab in the near future" (Tr. 328).

The ALJ's reasons for rejecting the treating doctor's contradicted opinion are clear and convincing. *See Lester v. Chater,* 81 F.3d 821, 830 (9th Cir.1995); *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir.2005)(an ALJ may reject any medical opinion that is brief, conclusory, and inadequately supported by clinical findings).

To further aid in weighing the conflicting medical evidence, the ALJ evaluated plaintiff's credibility and found him less than fully credible (Tr. 23). Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir.2005).

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir.

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                              - 13 -

1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d at 834. "General findings are insufficient: rather the ALJ must identify what testimony not credible and what evidence undermines the claimant's complaints." *Id.; Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir.1993).

The ALJ found plaintiff less than credible based on inconsistent statements, activities, and allegations unsupported by clinical findings (Tr. 23). Plaintiff does not challenge the ALJ's credibility determination on appeal.

Plaintiff testified he has never had a driver's license because of his anxiety (Tr. 39, 42). The ALJ points out this reason seems inconsistent with evidence showing plaintiff drives (he has had a number of DUI charges, a reckless driving charge, and states throughout the record that he drives)(Tr. 23). Similarly, he testified anxiety causes vomiting three to four times a day, especially when driving, yet there is no record of any such complaints to treating Dr. Stoop or any examining source, and he continues to drive (Tr. 23; *see e.g.*, Tr. 215, 217, 219, 266, 269, 273, 277, 283, 291, 310: Dr. Stoop states no vomiting, or no complaints of vomiting are indicated).

Plaintiff's activities have included fishing, playing bingo, mowing the lawn, gardening, bowling, miniature golf, camping, and boating (Tr. 23, 39-43, 129, 131-133, 139-141, 233). They are inconsistent with the degree of impairment alleged.

In 2003 an examining nurse and doctor opined there was no need for surgery and no findings that would account for plaintiff's low back pain symptoms. He was encouraged to pursue

aggressive physical therapy, lose weight and stop smoking to likely "experience significant pain relief." (Tr. 191-193). Despite repeated subjective complaints, tests have shown mild to moderate findings (see e.g., Tr. 212). A December 2008 MRI shows a disc protrusion previously seen had *decreased* in size (Tr. 302-304, 334-335). In January 2009, John Long, D.O., examined plaintiff. At that time an MRI showed evidence of severe facet spondylosis at L4/5 bilaterally (Tr. 338). Dr. Long observes plaintiff was overweight, a smoker, and significantly deconditioned, as the ALJ points out (Tr. 23, 337). Dr. Long gave plaintiff a facet injection, recommended physical therapy and anti-inflammatory medication, and counseled smoking cessation (Tr. 337).

The ALJ's reasons are clear, convincing, and fully supported by the record. *See Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir.2002)(proper factors include inconsistencies in plaintiff's statements, inconsistencies between statements and conduct, and extent of daily activities).

The ALJ's decision is supported by substantial evidence. Dr. Stoop's office notes show plaintiff's back pain remained unchanged from a 2003 neurology examination through his notes in 2006 and 2007, as the ALJ points out (Tr. 23, 264-267, 269-300, 306-313).

From June through October of 2008, Dr. Stoop again indicates low back pain remains stable; patient notes focal flares and stiffness, and the sole limitation beyond mild is "moderately reduced flexion" (Tr. 322-333). The ALJ observes plaintiff repeatedly failed to comply with medical recommendations to lose

weight and quit smoking (Tr. 23, 264, 273, 280, 282, 287, 292, 306, 308, 313, 326), indicating plaintiff did not view his medical condition as significant enough to merit medical compliance.

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. The court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ, even if it might justifiably have reached a different result upon de novo review. 42 U.S.C. § 405(g).

**CONCLUSION**

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is free of legal error and supported by substantial evidence..

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 16,** is **GRANTED.**

2. Plaintiff's Motion for Summary Judgment, **ECF No. 13,** is **DENIED.**

The District Court Executive is directed to file this Order, provide copies to the parties, enter judgment in favor of defendant, and **CLOSE** this file.

DATED this 23rd day of May, 2012.

                                s/ James P. Hutton
                                JAMES P. HUTTON
                          UNITED STATES MAGISTRATE JUDGE